Orr v. Doughty.

account were sustained. All the others are for fees allowed by law. The claims were sworn to, and not being denied under oath, the court properly rendered judgment. Mansf. Dig., sec. 2915.

There is no evidence that Jones did not keep the record required by sec. 3292, Mansf. Dig. Thane and the court both knew what the abbreviations meant, and there was no ground to exclude the accounts.

Thane should have moved to make the account more definite, but having failed to do so, he cannot object in this court for the first time.

---

## ORR v. DOUGHTY.

HOMESTEAD: *On land jutting into village.*

Where a tract of land not within the limits of any incorporated town, is used only for agricultural purposes in connection with a contiguous farm, and has never been surveyed into blocks and lots or dedicated to village

uses, it may be claimed as a rural homestead, "outside any city, town or village," within the meaning of the constitution, although the land on which the claimant's residence is situated juts into a village.

APPEAL from *Izard* Circuit Court.

R. H. POWELL, Judge.

Orr and Lindsley recovered judgment against the appellee, Doughty, in the Izard circuit court in March, 1884, and sued out execution thereon in February, 1887. The execution was levied on two tracts of land, one containing fifteen and the other eighty acres. Doughty filed with the clerk a schedule, claiming the exemption of the lands as a homestead, outside any city, town or village, and obtained a *supersedeas* staying any sale under the execution. Orr filed a motion to quash the *supersedeas*, on the ground that said lands are not wholly outside any city, town or village, but that the fifteen acre tract, embracing Doughty's residence, is in the town or village of Newburg. On the hearing of the motion, the evidence showed that the two tracts of land described in the schedule are contiguous and have been used only for purposes of agriculture. No part of either tract has ever been laid off into blocks, lots or streets as town property. But Doughty's residence is on the fifteen acre tract, and about the time the house he occupies was built, a survey of lots and streets was made on land adjoining that tract on the west; and on the land which adjoins it on the east, other lots and streets were laid off at a later period. There were buildings on both surveys on either side of Doughty's residence, and the whole settlement there, including his house, was known as the town of Newburg, a village that contained more than one hundred inhabitants, but which had never been incorporated. The fifteen acre tract was described in the deed conveying it to Doughty, as "part of the N.E." etc.,

"situated in Newburg, in the county of Izard, State of Arkansas," and it was shown that he always spoke of his home as being "in Newburg." He was postmaster at the village and kept the office in the store house where he was engaged as salesman.

The court found that the homestead of Doughty was not situated in any city, town or village; overruled the motion to quash the *supersedeas* and rendered judgment sustaining the exemption claimed by the schedule. Orr and Lindsley appealed.

The constitution (article ix, sections 3 and 4) provides, that "the homestead outside of any city, town or village * * * * * * shall consist of not exceeding one hundred and sixty acres," and that "in any city, town or village" it "shall consist of not exceeding one acre of land."

*Jno. H. & S. W. Woods*, for appellants.

1. The homestead claimed was not a rural homestead, but was within the limits of a town or village. For definition of "town" or "village" see Webster's Dic.; Thomp. Homest. and Ex., sec. 161; 27 Ill., 48; 72 Ill., 568; 25 Ark., 103; 20 Id., 564, 572. The constitution does not contemplate that the place shall be incorporated, laid out into streets and alleys, or platted, or laid off into lots, but merely that it be a town or village. The evidence conclusively shows that appellee's residence was in "Newburg," and he was entitled. to only *one acre*.

*S. W. Williams*, for appellee.

The laying off the rural homestead into lots and blocks is: essential to produce a change from a rural to a town homestead. 17 Texas, 74; Thomps. on H. and Ex., sec. 160.

The statute and constitution being silent as to what consti-
tutes a town, the courts look to the uses to which the land
is put, even where laid off into lots. Thompson on Homest.
and Ex., sec. 161.

The land was used for agriculture, and the fact that
Doughty was postmaster, or had a store, or that certain
residents of the village lived around on either side of him,
does not change its character. 12 Iowa, 516; 38 Texas, 425;
20 Ark., 561; 21 Fla., 362; 1 Gen. Dig., 1886-7.

PER CURIAM.

The premises claimed as a homestead are not within the
limits of any incorporated town. The tract had never been
surveyed into blocks and lots or dedicated to village uses. It
has been and is now used for agricultural purposes in con-
nection with defendant's contiguous farm, and is therefore a
country homestead within the meaning of the constitution,
notwithstanding the land upon which the defendant's residence
is situated juts into the village.

Affirm.