Bogan v. Cleveland.

---

BOGAN V. CLEVELAND.

HOMESTEAD: *Conveyance of not fraudulent.*

The homestead of a debtor not being subject to the lien of a judgment, or to sale under execution, his conveyance of it, although executed with a bad motive, deprives his creditors of no right, and is therefore not fraudulent.

APPEAL from *Washington* Circuit Court in Chancery.

J. M. PITTMAN, Judge.

The conveyance which this suit seeks to avoid was executed in 1884. The Constitution of 1874, Article 9, Section 3, provides that a homestead "shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution * * * * except such as may be rendered for the purchase money, or for specific liens, laborers' or mechanics' liens for improving the same, * * * * or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity."

*A. M. Wilson,* for appellant.

The sale was made in good faith, and from a good motive,

and was not in fraud of creditors. The land was his home-
stead, and not subject to execution or sale for his debts. *Act
March, 1887, p. 90.*

*C. R. Buckner, Sam H. West* and *B. R. Davidson,* for ap-
pellees.

The judgment of appellees had become a lien on the land
before Mrs. Bogan made a payment on it, if she ever did
make one. *Const., Art. 9, sec. 9 ; 30 Ark., 111.*

She was not an innocent purchaser ; she had notice ; and
the proof shows the conveyance made for the express purpose
of defrauding creditors. *23 Ark., 258 ; 45 id., 520 ; 32 id.,
251.*

The act of March, 1887, has no application ; it applies
only to execution sales. If the homestead right is not as-
serted in the manner prescribed by law, the right is waived.
*33 Ark., 454 ; 28 id., 485.*

HOME-
STEAD:
Convey-
ance of.

PER CURIAM. The appellees, judgment creditors of one
Bryant, brought this suit, seeking to cancel for fraud a con-
veyance of land from him to the appellant. The land consti-
tuted the homestead of the debtor when the conveyance was
made. It was not subject to the lien of a judgment, or to
sale under execution. Creditors could not be injured by the
conveyance. The debtor may have executed the conveyance
with a bad motive, but it deprived his creditors of no right,
and was therefore not fraudulent. *Bump's Fraud Con., p. 245 ;
Wait Fraud Con., sec. 71 ; Cammack v. Lovett, 44 Ark., 180.*

The judgment is reversed and cause remanded with in-
structions to dismiss the bill.