FIRST NATIONAL BANK OF OWATONNA *v*. WILSON.

Opinion delivered February 29, 1896.

HOMESTEAD IN TOWN—AREA.—One who resides in an incorporated town is entitled to a homestead not exceeding an acre in area, under Const. 1874, art. 9, sec. 5, though he owns a larger tract within the town limits, which has not been divided into lots and blocks, and is cultivated by him as a farm.

Appeal from Monroe Circuit Court.

JAMES S. THOMAS, Judge.

STATEMENT BY THE COURT.

This case arose on a motion to quash a supersedeas issued by a circuit clerk to prevent the sale under execution of land claimed by B. F. Wilson as a homestead. The case was submitted and tried by the circuit court on the following agreed statement of facts, to-wit: "The First National Bank of Owatonna recovered judgment in the Monroe circuit court against N. C. Blake, I. G. Terrell, and B. F. Wilson, and execution

was issued upon said judgment, and levied upon the fractional part of the S. W. ¼ of the N. E. ¼ of N. W. ¼, sec. 15, township 3 North, range 2 West, containing eight acres, as the property of B. F. Wilson, one of the defendants. B. F. Wilson owns nine acres in said tract, and the sheriff did not levy upon, and have advertised for sale, but eight acres, the *land being in the incorporated town of Brinkley.* The limits of the corporation of the town of Brinkley were extended on the 13th day of June, 1887, and included this land; but it was not divided into lots and blocks, and has not been divided as yet. On the 11th day of April, 1889, the defendant bought and established his homestead on this land, and has since resided on it, and does now reside on it, is a married man and the head of a family, and is not worth over one thousand dollars. He cultivates the land as a farm."

This was all the evidence, and upon these facts the circuit court held that the defendant was entitled to the nine acres of land as a homestead, and denied the motion to quash. From this ruling and judgment an appeal was taken.

*W. T. Tucker* for appellant.

In this case the homestead was established two years after the corporate limits were extended over the land. The agreed facts show the land to be in the town of Brinkley, and by the very terms of our constitution the homestead cannot exceed *one acre.* 47 Ark. 400; 51 *id.* 527; 5 Kas. 592–4; 13 Wis. 233; 16 *id.* 223; Const. Ark. art. 9, sec. 5.

*C. F. Greenlee* for appellee.

The premises claimed have never been surveyed into lots and blocks, nor in any manner dedicated to city uses. It is used as a farm exclusively, and is a rural homestead, within the true meaning and spirit of our homestead act.

Waples, Homestead & Ex. p. 224; 17 Tex. 74; 30 *id.* 604; 38 *id.* 425; 12 Ia. 516. The Michigan and Wisconsin cases are isolated ones, and are not followed by the courts. See Waples, Homestead & Ex. p. 226; notes 4 and 5. The object of the law is to protect the family, and it is liberally construed. 32 S. W. 785; 53 N. W. 711; 22 Ark. 404; 25 *id.* 101; 51 *id.* 527; 14 S. W. 156; 24 Ark. 157; 41 *id.* 94; 42 *id.* 539.

RIDDICK, J. (after stating the facts.) The agreed statement of facts shows that the land claimed by Wilson as a homestead is "*in the incorporated town of Brinkley.*" It was thus situated at the time he established his homestead upon it, the limits of the town having been extended so as to include this land a year or two before it was purchased by him. Our constitution provides that "the homestead in any city, town or village  *  *  *  * shall consist of not exceeding one acre of land,  *  *  * provided the same shall not exceed in value the sum of two thousand five hundred dollars," etc. Sec. 5, art. 9, Const. 1874. The right of one who establishes his home in a city or town of this state to claim such homestead as exempt from execution depends upon this section of our constitution, and, as it provides that such homestead shall not exceed one acre of land, he cannot lawfully claim a greater amount. There are decisions in other states which seem to support the ruling made by the learned circuit judge in this case, but they were made under statutes not exactly synonymous with our law. Although homestead laws should receive a liberal construction, to effect the beneficent purposes for which they are intended, yet the courts should not override the plain letter of the law. Under the facts of this case, we think that appellee is entitled to a homestead limited in extent to one acre of land.

We do not hold that the fact that one dwells within the limits of a municipal corporation will in all cases

prevent him from holding as exempt a homestead of more than one acre. A case may be supposed where the corporate limits of a town or city have been extended beyond the actual extent of such urban community, so as to include territory altogether rural. On the other hand, there may be towns that have overgrown their corporate limits, so that one may dwell within the town, and still be outside the corporate limits. In such cases it may be that the courts would look to the facts to determine whether the homestead claimed was located in town or country, and not be altogether controlled by the corporate limits. But we are not called on to determine that question here, for the agreed statement of facts says that the homestead of Wilson is in the town of Brinkley, and there is nothing to show to the contrary. The fact that a homestead had not been divided into lots, and is used for farm purposes only, may be considered by the court in determining whether it is within a town, within the meaning of the constitution; but, when once determined that it is located in a city, town or village, then the fact that it has not been divided into lots can be of no effect.

The homestead in this case is of small value, and there may be some inequality in the law; but, if so, this defect cannot be remedied by the courts. The judgment is reversed, and the cause remanded for further proceedings.