CLEMENTS *v.* CRAWFORD COUNTY BANK.

Opinion delivered April 10, 1897.

<table>
<tr><td>64</td><td>7</td></tr>
<tr><td>77</td><td>189</td></tr>
<tr><td>77</td><td>193</td></tr>
</table>

HOMESTEAD—CONTIGUOUS TRACTS.—Two parcels of land which corner with each other, and on one of which a dwelling house is located, may be claimed as a homestead where they constitute all the land the claimant owns, and do not exceed the legal area and value. (Page 9.)

SAME—WHAT CONSTITUTES TOWN OR VILLAGE.—The fact that the owner of farm land platted it as laid off into lots, blocks and streets, and filed the plat with the county clerk, will not constitute such land a "town or village," within Sand. & H. Dig., § 3712, limiting the area of a homestead therein to one acre, where there was no acceptance of the dedication no incorporation and no building there save a post office. (Page 10.)

Appeal from Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

#### STATEMENT BY THE COURT.

This case is in this court on appeal from the order and judgment of the circuit court of Crawford county made on a motion of appellee to quash a supersedeas which had been issued by the clerk of said court against an execution issued out of his office in favor of appellee and against appellants, and which had been levied on certain real and personal property of said appellants. This motion set out that the east half of the northwest quarter of the southwest quarter of section twenty (20), and the northeast quarter of the southwest quarter of said section twenty (20), all in township nine (9) north, range thirty-two (32), and which were embraced in appellants' schedules, were no part of the homestead of either of said appellants, for the reason that said tracts were not, either at the time of the rendition of the judgment on which execution had issued, or at the time of the levy of the execution itself, contiguous to the land on which appellants resided. Also that a portion of the real estate claimed as exempt, to-wit, a part of the northeast fractional quarter of fractional section nineteen (19), and

a part of the south fractional half of the southeast fractional quarter of section eighteen (18), township nine (9) north, range thirty-two (32) west, was not, either at the date of the rendition of said judgment, or at the date of the levy of said execution, a part of the homestead of appellants, because at neither of said dates did appellants reside thereon, but that said appellants had, prior to said dates, abandoned said tracts of land for agricultural purposes, had laid it off and platted it into lots, blocks, streets and alleys, had filed a map thereof in the office of the clerk and *ex-officio* recorder of Crawford county, and had dedicated it to public uses under the name of the town of "Dora," and had at various times, and to sundry persons, sold considerable portions of said town site by lots and blocks, according to said plat. The motion was supported by various exhibits, maps, and plats, and an agreed statement of facts, all of which are set out in the transcript.

The court below sustained so much of the motion to quash the supersedeas as applied to the east half of the northwest quarter of the southwest quarter, and northeast quarter of southwest quarter, on the ground that it was not contiguous to the remaining land claimed by said appellants as their homestead, and hence not exempt from execution and sale. To this finding and ruling of the court the appellants excepted, and prayed and perfected an appeal to this court. The court below denied so much of the motion to quash said supersedeas as applied to the place called "Dora," thereby holding that appellants had never abandoned it as a homestead, and that it was still a part of the homestead of the said appellants. To this finding and ruling of the court below, appellee excepted, and has been granted a cross appeal thereon in this court.

Two questions, therefore, are presented to this court for adjudication: First, is the said east half of the northwest quarter of the southwest quarter, and said northeast quarter of the southwest quarter, a part of the homestead of appellants? and, second, is the place called "Dora" a part of the homestead of said appellants?

*Miles & Miles,* for appellants.

A homestead is the place of a home or house, and that part of a man's landed property which is about and contiguous to his dwelling house. 22 Ark. 400; 47 *id.* 453; 55 Ark. 305. The two tracts are *contiguous,* within the spirit and meaning of the homestead law. Webster, Dict.; 31 N. Y. 289; 15 Minn. 116.

*Jesse Turner,* for appellee.

1. Two tracts which merely corner or touch at a single point are not contiguous. Century Dict., "Adjacent," &c., Vol. 1, p. 73; Webster (new ed.), Dict.; 47 Kas. 580; 12 *id.* 257; 15 Minn. 119; 55 Ark. 303 *et seq.;* Thomps. Home. & Ex., §§ 120, 145, 147; 71 Ill. 324; 43 *id.* 477; 1 Lester, Land Laws, 360.

2. The part of the lands called "Dora" is not a part of the homestead. See 5 Am. & Eng. Enc. Law, p. 405, and notes; 47 Iowa, 509; 51 Ark. 527; 37 *id.* 298; 55 *id.* 126; Const. Ark. art. 9, § 4.

HUGHES, J., (after stating the facts.) Where a person entitled to claim a homestead exemption owns two parcels of land which corner, and who has his dwelling and resides upon one of them, and they together do not exceed 160 acres in quantity, nor $2,500 in value, can he legally claim as a part of his homestead the parcel other than that upon which his dwelling house is,—exempt from execution?

Sec. 3711, Sand. & H. Dig., provides that: "The homestead, outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner, etc."

This court has heretofore defined a homestead to be "the place of a home or house—that part of a man's landed property which is about and contiguous to his dwelling house." *Tumlinson* v. *Swinney,* 22 Ark. 400. As defined in Webster's Unabridged Dictionary, "contiguous" means "in actual or close contact; touching; adjacent; near; lying adjoining." In *McCrosky* v. *Walker,* 55 Ark. 303, it is held that a homestead

cannot consist of two non-contiguous tracts. In that case the two pieces of land claimed to constitute the homestead were one mile apart, the dwelling of the owner being on one parcel, and the other being used in connection with it to supply fuel. In the case at bar the two parcels touch, adjoin; i. e., corner with each other.

A homestead cannot be laid off in an arbitrary, capricious and unreasonable shape, where it is practical to do it otherwise. *Sparks* v. *Day*, 61 Ark. 570. In *Jaffrey* v. *McGough*, 88 Ala. 651, Judge Somerville humorously says: "A homestead, if we could suppose such a case, fenced in the shape of an animal, a bird, a flower garden, or other fantastic shape, would not cease to be exempt from execution on this account, provided it be of lawful area and value, and the entire tract owned was in this particular form. Although it is manifest that a selection in these quaint forms, made from a large tract of land, would be unreasonable and capricious, and not allowable." In the case at bar, the appellants owned no land in any shape other than that claimed as a homestead, and as this did not exceed in quantity 160 acres, nor in value $2,500, they were entitled to claim the same as a homestead exempt from execution.

Where two parcels of land corner with each other, they are contiguous, they touch; and there can be nothing unreasonable or unjust in allowing the two pieces to be selected and claimed as a homestead, where they constitute all the land the claimant owns, and do not exceed the legal area and value. Unless this could be done in this case, the appellants would be deprived of a part of the land allowed them by law as a homestead. The homestead law should be liberally construed to effect its benign purposes. The judgment of the court sustaining the motion to quash the supersedeas as to the east half of the northwest quarter of the southwest quarter, and the northeast quarter of the southwest quarter of section twenty, in township nine north, range thirty-two west, is reversed and remanded, with directions to overrule the same.

The only other question in the case is, is the judgment of the court overruling the motion to quash the supersedeas as to the land laid off into lots, and platted, and called "Dora," correct? The contention of the appellant in the cross appeal is

that, the land having been platted as laid off into lots, blocks and streets, and the plat having been filed in the clerk's office, it was dedicated to public use, and became a village. It was not incorporated. It does not appear that there was any collection of houses there for residence or business, and it only appears that there was a post office there. There was no acceptance of the dedication, if dedication was intended. Does this constitute a town or village, so as to confine and limit the homestead to not more than one acre, which is the limit to the area which a homestead may cover in "any city, town or village," as provided in section 3712, Sand. &. H. Dig.? We think not. In *Murray* v. *Menefee*, 20 Ark, 561, this court, through Judge Compton, said: "In this country, there seems to be no precise legal definition of the term 'town,' and we suppose it was used in the statute in its popular sense. * * * * There was at 'Cadron' one store, which did business to the amount of about $4,000 per annum; dwelling house for two families, and outhouses; the population consisted of two families, numbering in all six persons; one warehouse, from which in 1855 produce to the value of $200 was shipped. * * * In 1854, which was a favorable year, the exports amounted to the value of $1,500. To call this a town, in any sense, would be an obvious misapplication of the term." It is evident that "Cadron" was more nearly a town than Dora was, which, according to this case, was neither a town or a village.

We are of the opinion that the part of the land known as "Dora" had not been segregated and abandoned as part of appellants' homestead, so as to avoid the claim of it as part of the homestead, Wherefore the judgment of the court overruling the motion to quash the supersedeas as to this, and allowing appellants to claim the same as part of their homestead, is affirmed.