### KING v. SWEATT.
### Civ. A. No. 504.

United States District Court
W. D. Arkansas, Hot Springs Division.
Oct. 20, 1953.

Wootton, Land & Matthews, Hot Springs, Ark., for plaintiff.

R. Julian Glover, Hot Springs, Ark., for defendant.

JOHN E. MILLER, District Judge.

The questions for determination arise out of the schedule of exemptions filed herein by the defendant and the response of plaintiff to said schedule in which plaintiff asks that the schedule of property filed by defendant be denied and that the property claimed as exempt by defendant be subjected to sale under execution for the collection of a judgment in favor of plaintiff and against the defendant.

On June 26, 1952, this Court rendered judgment in favor of the plaintiff against the defendant for a total sum of $4,314.31, with interest thereon at 5% per annum from date of judgment. The judgment has not been paid and an execution has been issued for the collection of the judgment. The United States Marshal has advised the defendant of his intention to levy the execution upon cer-

tain real property owned and in the possession of the defendant, and also upon certain personal property alleged to belong to the defendant.

A hearing was had on the schedule submitted by the defendant and on the response of plaintiff thereto, at which time testimony was adduced by both parties. Subsequent to the hearing the parties filed briefs in support of their respective contentions.

The defendant is married, and under the provisions of Article 9, § 2 of the Constitution of the State of Arkansas is entitled to claim as exempt from sale on execution or other process from any court on debt by contract specific articles of personal property to be selected by him, not exceeding in value the sum of $500, in addition to his wearing apparel and that of his family.

Article 9, § 3, supra, provides that the homestead of any resident of Arkansas who is married shall not be subject to the lien of any judgment or to sale under execution or other process except such as may be rendered for certain specified debts.

The judgment upon which the execution has been issued was rendered against defendant for a debt by contract, and the judgment does not come within any of the exceptions set forth in Article 9, § 3, supra.

Article 9, § 4, supra, provides:

"The homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of twenty-five hundred dollars, and in no event shall the homestead be reduced to less than eighty acres, without regard to value."

Article 9, § 5, supra, provides:

"The homestead in any city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of two thousand five hundred dollars, and in no event shall such homestead be reduced to less than one-quarter of an acre of land, without regard to value."

The testimony adduced at the hearing was undisputed and in summary was as follows:

The defendant is the owner of real property abutting on the east side of United States Highway No. 7 and situated approximately one mile south of the corporate limits of the City of Hot Springs, Arkansas. He acquired a portion of the property, described as lots 1 and 2 of Rosalind Addition to the City of Hot Springs, Arkansas, on November 2, 1948, for a consideration of $30,000. There is situated on this parcel the A-B Tourist Court consisting of eight units and in addition thereto the home occupied by defendant and his wife. The office of the tourist court is in the home. There are approximately 20,000 square feet in this parcel.

Subsequently the defendant purchased another parcel of land immediately south and adjacent to lots 1 and 2. That parcel is described by metes and bounds and is a part of the southeast quarter of the southeast quarter of Section 17, Township 3 South, Range 19 West, in Garland County, Arkansas. Located on this parcel is a building abutting on the east side of the highway. This is a two-story frame building and is approximately 36½ feet by 36½ feet square. It is rented to a tenant who pays $90 per month therefor. The total area in this particular parcel of property upon which the building, "Furniture Mart," is located is approximately 12,000 square feet. Thus the property of the defendant contains a total of approximately 32,000 square feet. An acre contains 43,560 square feet, and thus the property owned by defendant is less than one acre in area but is in excess of one-quarter of an acre in area.

The value of the property exceeds the sum of $2,500.

The City of Hot Springs does not exercise any jurisdiction over the property and the defendant is not afforded any police or fire protection by the city government; nor does the city furnish any sewer, water or gas facilities. There are no street lights, paved streets or transportation systems, or any of the other conveniences ordinarily afforded to the inhabitants by cities, towns or villages. The community is without a name, and all roads in and near the community are maintained either by Garland County or by the State of Arkansas. The testimony does not disclose the number of houses that are situated in the immediate area, but photographs were introduced showing that for a distance of approximately one-half mile on either side of the main highway there are tourist courts, filling stations, residences, and buildings used in the operation of what might be termed "country stores." The ownership of most of the property situated on both sides of the highway within the immediate area extends back from the highway various distances, and usually the property situated behind the residences or other buildings is used by the individual owners as a pasture for livestock or for the production of poultry and agricultural products in a limited manner.

The value of the specific articles of personal property claimed by the defendant as exempt from sale on execution is not definitely established, nor is the extent of his ownership in other personal property established with any degree of certainty.

All of the real property claimed by the defendant as exempt and as a homestead is mortgaged, but the existence of mortgage liens on the property would not prevent the sale of the real property on execution, subject of course to all valid existing liens. Therefore, the question that is presented is whether the real property claimed as exempt by defendant is rural or urban property. If it is rural property the schedule as to the real property should be allowed and approved. If it is urban property, the schedule should be disapproved and the property subjected to sale on execution with the right of the defendant to select from the property an area not less than one quarter of an acre, with improvements thereon.

In 26 Am.Jur., Homestead, Section 11, the rule to be applied in the consideration of the respective claims of the parties is stated as follows:

"Constitutional or statutory provisions for homesteads are to be construed liberally, with a view to accomplishing their beneficent object and carrying out the purpose of the legislature. That is to say, the construction should be liberal toward the debtor, but strict toward his creditors or one who has dealt with the property. It is said that the courts employ the most liberal and humane rules of interpretation to insure the unfortunate debtor and his equally unfortunate, but more helpless, family the shelter and influence of home. It is asseverated that all reasonable presumptions will be indulged in favor of the homestead right, and that the right is to be held to apply to all such cases as are within the equity and spirit of the statute which has established it."

■■ Although the law creating the homestead right should be liberally construed in the debtor's favor, it should not be so applied or construed as to make the law an instrument for the accomplishment of fraud or imposition. Construction should not be so liberal as to depart from the plain and obvious meaning of the words used in the Constitution or to confer rights upon persons who have not brought themselves at least within the spirit of the Constitutional provisions.

The plaintiff contends (1) that the real property has become urban because of the character and use of the property, as well as the character and use of the

property in the surrounding area; (2) that the words "city, town or village" as used in Article 9, §§ 4 and 5, of the Arkansas Constitution are not limited to incorporated communities, and that the area in which this property is located should be held to be an unincorporated village; and (3) that regardless of whether the property is held to be rural or urban in character, the parcel upon which the building known as the "Furniture Mart" is located cannot be claimed by the defendant as part of his homestead because it has been rented out and is not used for home purposes; that it is an acquisition of a different and later date and is separated from the residence and tourist court proper by a driveway in such a manner as to comprise an entirely separate and different piece of property.

■ Considering first the third contention of plaintiff, the Supreme Court of Arkansas in the case of Gainus v. Cannon, 42 Ark. 503, 515, said:

"It is a strange and irrational idea, sometimes advanced, that a man ought to lose his homestead as soon as he attempts to make any part of it subservient to a trade or occupation, or to make it helpful in family expenses. Homestead laws are liberally construed, and this would be a very illiberal restriction. It is the policy of the State to encourage every freeman to the exercise of industry, thrift, and good management of his resources; and within a limited area to make it as valuable as possible. It makes better citizens, and increases the taxable wealth of the body politic."

This case has been cited with approval in Jordan v. Jordan, 217 Ark. 30, 228 S.W.2d 636, and in Berry v. Meir, 70 Ark. 129, 66 S.W. 439.

And, in Starr v. City National Bank, 159 Ark. 409, 413, 252 S.W. 356, 357, the Court said:

"One does not lose his homestead for using part of it for business purposes."

■ As to the claim that the Furniture Mart property is separated from the tourist court proper by a driveway, the Supreme Court in Clements v. Crawford County Bank, 64 Ark. 7, 40 S.W. 132, 133, held that a homestead is "the place of a home or house * * * that part of a man's landed property, which is about, and contiguous to his dwelling house." In the Clements case the two tracts that were claimed as a homestead cornered with each other, and the Court in disposing of the contention that they were not contiguous tracts, 64 Ark. at page 10, 40 S.W. at page 133, said:

"Where two parcels of land corner with each other, they are contiguous, they touch; and there can be nothing unreasonable or unjust in allowing the two pieces to be selected and claimed as a homestead, where they constitute all the land the claimant owns, and do not exceed the legal area and value. Unless this could be done in this case, the appellants would be deprived of a part of the land allowed them by law as a homestead. The homestead law should be liberally construed to effect its benign purposes."

The general rule is stated in 26 Am. Jur., Homestead, Section 36, as follows:

"A claim of homestead is sustainable with respect to lots or parcels which are separated by a street, an alley, or a way of another character—for example, an easement or right of way."

See also, Stuckey v. Horn, 132 Ark. 357, 200 S.W. 1025.

Contentions 1 and 2 of the plaintiff should be considered together and in connection with the contention of the defendant that all of the real property is rural in character and should be held exempt as a homestead. The resolution of these contentions requires an answer to the vital and controlling question, are the contiguous parcels of real property urban or rural property?

■ The mere fact that the property is located approximately one mile from

the corporate limits of Hot Springs, the nearest city, town or village, is not conclusive of the nature of the property. Under the constitutional provision heretofore set forth it is not necessary that property be situated within the corporate limits of a city, town or village to be classified as urban property.

What are the tests to be considered in determining the classification? Whether property occupied by the owner and claimed as a homestead is a rural or urban homestead is to be determined on the facts of each case, and the Court must bear in mind the constitutional or statutory purpose or intent. There does not seem to be any precise legal definition of the terms "city, town or village" as used in the Constitution of Arkansas defining a homestead, and the Court must presume that the words were used in the Constitution in their popular sense. Murray v. Menefee, 20 Ark. 561. The Legislature of Arkansas has defined the words when used in taxation statutes. Southeast Arkansas Levee District v. Turner, 184 Ark. 1147, 45 S.W. 2d 512. In that case the question was whether certain property was situated in the town of McGehee, Arkansas. The residences were all of a permanent and substantial character and the occupants thereof were furnished with gas, water, electric and telephone service from the City of McGehee. In holding that the area was within the City of McGehee, although not within the corporate limits, the Court on page 1152 of 184 Ark., on page 514 of 45 S.W.2d, said:

> "We have here a compact community of 42 houses, occupied by persons who may fairly be said to dwell together and who are separated from a city of the second class only by the city's incorporation line and who have all the conveniences which proximity to the city affords and whose property is assessed for general taxation as additions to this city."

In First National Bank of Owatonna v. Wilson, 62 Ark. 140, at page 143, 34 S.W. 544, the Court said:

> "A case may be supposed where the corporate limits of a town or city have been extended beyond the actual extent of such urban community, so as to include territory altogether rural. On the other hand, there may be towns that have overgrown their corporate limits, so that one may dwell within the town, and still be outside the corporate limits. In such cases it may be that the courts would look to the facts to determine whether the homestead claimed was located in town or country, and not be altogether controlled by the corporate limits. But we are not called on to determine that question here, for the agreed statement of facts says that the homestead of Wilson is in the town of Brinkley, and there is nothing to show to the contrary. The fact that a homestead had not been divided into lots, and is used for farm purposes only, may be considered by the court in determining whether it is within a town, within the meaning of the constitution; but, when once determined that it is located in a city, town, or village, then the fact that it has not been divided into lots can be of no effect."

In the case of Spaulding v. Haley, 101 Ark. 296, 142 S.W. 172, the Court beginning at the bottom of page 299 of 101 Ark., at page 173 of 142 S.W., said:

> "We do not think that merely describing land in a deed by lot and block numbers, without actually making a subdivision or filing a plat thereof, necessarily amounts to a separation so as to cut it up into lots and blocks, nor does it determine the character of a homestead, whether urban or rural, though that fact may be considered as a circumstance in determining whether the land is held as an urban or as a rural home. Even platting land into lots, blocks, and streets, and filing a plat with the county clerk, does not constitute such land urban property, unless, in fact, situated within a

town or village. Clements v. Crawford County Bank, 64 Ark. 7, 40 S. W. 132."

See also, Stuckey v. Horn, supra.

■■ Generally speaking, the word village always carries to the mind the idea of a small urban community. A city is a town and a village is a town, and ordinarily the word city or village indicates the size of the town. Therefore, the word town seems to be the key word in the Constitutional provisions under consideration.

In order to be an urban homestead, the property must be situated *"in any city, town or village,"* and in order to be a rural homestead the property must be situated *"outside any city, town or village"*.

■ Here, the property claimed as exempt is situated in a community where there is no post office, school, church or other improvements except filling stations, tourist courts, and one or two "country stores." The community does not even have a name. The property is assessed for taxation as any other rural property.

In Webster's New International Dictionary, Second Edition, the word rural is defined as, "of or pertaining to the country, as distinguished from a city or town." The word urban is defined as, "characteristic of, constituting or pertaining to a city or town."

No traveler along the highway who wanted to spend the night or stop in a city, town or village would stop at the defendant's tourist court or in that vicinity. If he desired to spend the night in the country and be awakened at dawn by the crowing of the cock, or if he did not desire the comforts and bright lights of the city, but desired the peace and tranquillity of the country, he would doubtlessly choose the tourist court of the defendant. Under all the facts, the real property claimed as exempt is a rural homestead, and since it does not exceed in area 80 acres, the defendant is entitled to claim all of the real property and improvements thereon as exempt from sale on execution or other process for the collection of the judgment held by plaintiff.

■ As to the personal property claimed in the schedule, the Court is not satisfied on the question of the value or the extent of defendant's personal property, and therefore the claim of exemption of the defendant as to the specific items of personal property should be denied, without prejudice, however, to the right of defendant to file and present an appropriate schedule of personal property in the event of the levy of an execution on the personal property.

An order in accordance with the above is being entered today.