FARMERS COOPERATIVE ASSOCIATION,
Inc., An Arkansas Corporation *v.* W. F.
STEVENS

76-172                                                           543 S.W. 2d 920

Opinion delivered December 13, 1976
(In Banc)

*J. L. Hendren,* for appellant.

*Burrows & Sawyer,* for appellee.

CARLETON HARRIS, Chief Justice. This litigation relates to the nature of a homestead exemption claimed by W. F. Stevens relative to land located within the limits of the incorporated town of Little Flock. Stevens contended, and the trial court held, that the land qualified for a rural homestead exemption under Article 9, Section 4, of the State Constitution. Appellant, Farmers Cooperative Association, Inc., asserts that said land qualifies only for an urban homestead exemption under Article 9, Section 5 of the Constitution. Appellant recovered a judgment against appellee in the amount of $10,-800.85 plus interest and, in the face of an execution, appellee contended that his 20 acres of real property were entirely exempt from execution because of being a rural homestead. Appellant asserted that Stevens was only entitled to the urban homestead exemption, constituting no more than one acre. From the judgment entered by the trial court comes this appeal.

The proof establishes that the 20-acre tract claimed to be exempt is used as defendant's home and exclusively for agricultural purposes. Stevens is engaged in the business of selling eggs, boarding horses, and hiring himself out to other farmers to operate tractors and other farm work. Little Flock, though incorporated, contains no schools, no service stations, no industry, no motels, and the town property is zoned as agricultural. The record does not reflect that any municipal services are afforded except water, which is provided by a rural cooperative. The property was in an unincorporated area when acquired by appellee, and actually it appears that the incorporation was effected to prevent the cities of Rogers and Bentonville from annexing it.

It is apparent from our cases, though facts are different in all, that in doubtful cases, the use made of the property is very much pertinent to the question of whether a homestead is urban or rural; actually it would appear that each case

stands on its own, facts. In *Spaulding v. Haley,* 101 Ark. 296, 142 S.W. 172, the court said:

> The testimony in the case establishes the fact that Kingsville was a small village, probably within the meaning of the constitutional provision with reference to homesteads. But it also shows that the whole of the property which the court allotted to the widow as a homestead was farm property, and that it jutted into the outskirts of the village. Some of the witnesses testify that it was not a town or village but merely an aggregation of houses occupied by a few families as a part of their several farms under circumstances like unto the facts with reference to the property of Spaulding. The chancellor found that this property was used entirely for agricultural purposes, and that it therefore constituted a rural, and not an urban, homestead. We can not say that this finding is against the preponderance of the testimony.

In *Orr v. Doughty,* 51 Ark. 527, 11 S.W. 875, we said:

> The tract had never been surveyed into blocks and lots or dedicated to village uses. It has been and is now used for agricultural purposes in connection with defendant's contiguous farm, and is therefore a country homestead within the meaning of the constitution, notwithstanding the land upon which the defendant's residence is situated juts into the village.

In *Stuckey v. Horn,* 132 Ark. 357, 200 S.W. 1025, the testimony reflected that the land in question was situated adjacent to a village (never incorporated) once known as Perrysmith, but later known as Bauxite. It was the site of a school with an enrollment of about 600 pupils, and there were two churches,[1] a bank, a drugstore, two mercantile houses, a barbershop, a butcher shop, and a number of residences. About 3,000 people lived on various parts of the lands in the community and principal employment was labor performed for the Bauxite Company. The court said:

---

[1] There are two churches in Little Flock.

"The case of *Spaulding* v. *Haley,* 101 Ark. 296, presented a very similar question under the facts of that case, and in the syllabus there it is said:

'Where land jutted into the outskirts of a village, but was used entirely for agricultural purposes, although part of it had been divided into lots by a prior owner, without making a plat or subdivision of it, a finding of the chancellor that it constituted a rural, and not an urban, homestead, will not be set aside.'

The land in this litigation had not even been divided into lots. Under this test, we think the land a rural homestead, and not an urban one, and the widow and minor children are not, therefore, limited to a claim of one acre, but may claim the entire eighty-acre tract as a homestead."

It is thus evident that in determining whether a homestead should be classed as urban or rural, the court has carefully observed the use being made of the property and has considered such use of great weight in deciding the issue. Appellant points out that Little Flock was an incorporated town and it is argued that this is a significant fact. It is true that in the only case before this court that involved property within an incorporated town, *First National Bank of Owatonna* v. *Wilson,* (1896) 62 Ark. 140, 34 S.W. 544, we held the property to be an urban homestead, but facts which we deem very pertinent to making a determination (whether the property is urban or rural) are not shown. The town was Brinkley, which had been incorporated before Wilson had even purchased his property. The opinion is short and does not reflect what municipal services were provided. In fact, the case was submitted upon an agreed statement of facts which apparently only stipulated that Wilson's homestead was in the town of Brinkley. The opinion also states, "We do not hold that the fact that one dwells within the limits of a municipal corporation will in all cases prevent him from holding as exempt a homestead of more than one acre."

We do not consider the fact that Little Flock was incorporated to be controlling in this litigation. In the first place, the Constitution itself never used the word "incorporated," but only uses the words "any city, town of village," such con-

stitutional language apparently being used in the popular sense. In *Southeast Ark. Levee Dist. v. Turner,* 184 Ark. 1147, 45 S.W. 2d 512, this court had occasion to discuss the meaning of the word "town." While the case did not involve the Homestead Exemption Act, it is informative on the question of how the word "town" has been construed. There, appellees were landowners in the Southeast Arkansas Levee District, just outside the incorporated limits of McGehee, and they instituted suit to enjoin the collection of an alleged excessive assessment against their property, asserting that they were not within the incorporated limits of McGehee. This court pointed out that the legislation involved did not make any distinction between incorporated and unincorporated towns and cited two previous cases clearly indicating that where the only word used is "town" it is to be taken in the popular sense. In holding that the appellees were subject to the tax, though not actually residents of McGehee, the court pointed out that these citizens had all conveniences which proximity to the city afforded. See also *King v. Sweatt,* 115 F. Supp. 215 (W. D. Ark. 1953) where Judge John E. Miller pointed out that there was no precise legal definition of the words "city, town or village," in our Arkansas constitutional provisions relating to homestead and, that it must be presumed that such words were used in their popular sense.[2] In the case before us, since the constitutional provision does not use the words "incorporated town," we attach no significance to the fact that Little Flock is incorporated.

Summarizing, the subject property in the present litigation was used exclusively for agricultural purposes. Little Flock, with the exception of two churches, does not possess the characteristics of a town as it is generally considered, i.e., no schools, service stations, industry, motels nor, as far as the record goes, services normally furnished by a town.

For the reasons herein set out, we are unable to say that there was no substantial evidence to support the findings of the circuit court.

---

[2]The court also commented that whether property occupied by the owner and claimed as a homestead is a rural or urban homestead is to be determined on the facts of each case, and further commented, citing *Gainus v. Cannon,* 42 Ark. 503 (1884) that homestead laws are to be liberally construed.

Affirmed.