**In re Billie P. WEAVER, Debtor.**

**Bankruptcy No. 89–12493M.**

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Jan. 17, 1991.

Fines F. Batchelor, Jr., Van Buren, Ark., for debtor.

Thomas E. Robertson, Jr., Fort Smith, Ark., trustee.

Phillip Jack Taylor, Fort Smith, Ark., for Wiseman.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On October 4, 1989, Billie P. Weaver (debtor) filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. Thomas E. Robertson, Jr., Esq., was appointed trustee. The debtor claimed the following real property as exempt pursuant to 11 U.S.C. § 522(b)(2), Ark.Code Ann. § 16–66–218 (Supp.1989) and Ark.Const. art. 9, § 4:

> Tract # 1 ... Claimed as exempt as a rural homestead ... is actually composed of three separate purchases of real estate located in Crawford County, Arkansas, with them numbered 1, 2, and 3, to-wit:
>
> (1) Lot 21 of Wofford Estates, which is the West Half (W½) of the Southeast Quarter (SE¼) of the Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Section 10, Township 10 North, Range 31 West, (2) South Half (S½) of the Northwest Quarter (NW¼) of the Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Section 10, Township 10 North, Range 31 West, (3) The East Half (E½) of the Southwest Quarter (SW¼) of the Southwest Quarter (SW¼) of the Northeast Quarter (NE¼) of Section 10, Township 10 North, Range 31 West.[1]

The debtor and his wife live in a house located on Lot 21, which contains approximately five acres. The south one-half of Lot 23 (Lot 23a), which is described in paragraph (2) above, also contains approximately five acres. The northwest corner of Lot 21 and southeast corner of Lot 23a meet in the center of the road which runs through Wofford Estates in Crawford County, Arkansas.

---

1. Prior to trial, the debtor withdrew his claim of exemption to the property described in para- graph (3).

On December 15, 1989, Michael Wiseman, a judgment creditor, filed an objection to the debtor's claim of homestead exemption alleging, generally,[2] (1) that the property does not qualify as rural property; (2) that the property claimed as exempt is not contiguous; and (3) that the debtor should be estopped from claiming any homestead exemption because of an alleged fraudulent conveyance of Lot 23a.[3] On January 26, 1990, the trustee filed an objection to the debtor's claim of homestead exemption alleging that the claimed exemption exceeds the amount allowed by state law and adopting Wiseman's objections.

On May 21, 1990, a trial was held on the objections and the Court took the matter under advisement. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction to enter a final judgment in the case.

## I

### RURAL OR URBAN PROPERTY

The debtor has claimed a rural homestead exemption of approximately ten acres. Wiseman and the trustee argue that the property claimed as exempt by the debtor is within a village or town and is, therefore, urban property.

Ark.Code Ann. § 16–66–218(b) (Supp. 1989) provides that the following property shall be exempt from execution under bankruptcy proceedings:

(3) Rural homesteads not exceeding one hundred sixty (160) acres of land with improvements thereon, up to two thousand five hundred dollars ($2,500) in value but in no event less then eighty (80) acres without regard to value—Arkansas Constitution, Article 9, § 4;

(4) The urban homestead not exceeding one (1) acre of land with improvements thereon, but not to exceed two thousand five hundred dollars ($2,500) in value, but in no event to be less than one-quarter (¼) of an acre of land without regard to value—Arkansas Constitution, Article 9, § 5[.]

Ark. Const. art. 9, § 4 provides:

The homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of twenty-five hundred dollars, and in no event shall the homestead be reduced to less than eighty acres, without regard to value.

Ark. Const. art. 9, § 5 provides:

The homestead in any city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of two thousand five hundred dollars, and in no event shall such homestead be reduced to less than one-quarter of an acre of land, without regard to value.

---

**2.** Wiseman's other objections are without merit or are subsumed within the objections addressed in this opinion.

**3.** There was testimony that the debtor, prepetition, conveyed Lot 23a to Gail D. Tennell for no consideration in order to defraud creditors. Later, but before the bankruptcy petition was filed, a deed reconveying Lot 23a from Tennell to the debtor was executed but not recorded. Tennell testified that her signature on the deed reconveying Lot 23a is a forgery, and the debtor maintains that Tennell's signature is genuine. It is not necessary to resolve the forgery issue because, under either circumstance, at least equitable title is vested in the debtor. Although Wiseman contends that legal title to Lot 23a remains in Tennell, Tennell testified that she claims no interest in the property. *See Bragg v. Hartney*, 92 Ark. 55, 59, 121 S.W. 1059, 1060 (1909) (where legal title obtained through fraud, equity impresses constructive trust in favor of party equitably entitled to it). Further, since a debtor's homestead is exempt from creditors' claims, Wiseman cannot complain of an alleged fraudulent conveyance of the homestead because he was not injured by the conveyance. *Bank of Sun Prairie v. Hovig*, 218 F.Supp. 769, 777, 780 (W.D.Ark.1963); *Sieb's Hatcheries, Inc. v. Lindley*, 111 F.Supp. 705, 715 (W.D.Ark.1953), *aff'd*, 209 F.2d 674 (8th Cir.1954); *Arkansas Sav. & Loan Ass'n v. Hayes*, 276 Ark. 582, 585, 637 S.W.2d 592, 594 (1982); *Bogan v. Cleveland*, 52 Ark. 101, 102, 12 S.W. 159, 159 (1889).

The Arkansas Supreme Court has stated that "[i]t is the settled policy of this court that our homestead laws are remedial and should be liberally construed to effectuate the beneficent purposes for which they are intended." *Smith v. Flash T.V. Sales & Serv., Inc.*, 17 Ark.App. 185, 190, 706 S.W.2d 184, 187 (1986); *Franklin Fire Ins. Co. v. Butts*, 184 Ark. 263, 270, 42 S.W.2d 559, 562–63 (1931).

The question of whether property claimed as exempt constitutes a rural or urban homestead is to be determined based on the facts of each case, and must be considered in light of the constitutional or statutory purpose or intent of the exemptions allowed. *See King v. Sweatt*, 115 F.Supp. 215, 220 (W.D.Ark.1953); *Farmers Coop. Ass'n v. Stevens*, 260 Ark. 735, 736–37, 543 S.W.2d 920, 921 (1976).

No precise legal definition is provided for the terms "city, town or village," as used in the Arkansas Constitution to describe the homestead exemption. In cases concerning the definition of these terms, the Arkansas Supreme Court has determined that the "words were used in the Constitution in their popular sense." *King v. Sweatt*, 115 F.Supp. at 220. *See Farmers Coop. Ass'n v. Stevens*, 260 Ark. at 738–39, 543 S.W.2d at 921. One court has defined a village as a small urban community or town. *King v. Sweatt*, 115 F.Supp. at 221.

The question of whether a homestead is urban property is not "altogether controlled by the corporate limits," thus property located within the corporate limits of a town may still be determined rural and property outside the corporate limits may be determined urban. *First Nat'l Bank of Owatonna v. Wilson*, 62 Ark. 140, 143, 34 S.W. 544, 544 (1896). *See King v. Sweatt*, 115 F.Supp. at 219–20; *Farmers Coop. Ass'n v. Stevens*, 260 Ark. at 738–39, 543 S.W.2d at 922–23. Even platting land into blocks and filing a plat with the county clerk does not make the land urban property unless it is, in fact, situated within a town or village. *Spalding v. Haley*, 101 Ark. 296, 300, 142 S.W. 172, 173 (1911); *Clements v. Crawford County Bank*, 64 Ark. 7, 11, 40 S.W. 132, 133 (1897).

The use made of the property is "very much pertinent" to the determination of the rural or urban character of a debtor's homestead. *Farmers Coop. Ass'n v. Stevens*, 260 Ark. at 738, 543 S.W.2d at 921. Use of the property for exclusively agricultural purposes generally indicates a rural homestead; however, property used for another purpose may still be determined rural. *See Bank of Sun Prairie v. Hovig*, 218 F.Supp. 769, 783–84 (W.D.Ark. 1963) (tourist court and resort area); *King v. Sweatt*, 115 F.Supp. at 218–19 (tourist court); *George v. George*, 267 Ark. 823, 826, 591 S.W.2d 655, 657 (Ct.App.1979) (rental property).

Since neither the location within corporate limits nor the use of the property is controlling, courts have focused on the characteristics of the community itself in determining whether it should be considered rural or urban. If the community does not contain the common attributes and conveniences of a city, then the property will be determined to be rural. *Bank of Sun Prairie v. Hovig*, 218 F.Supp. at 785; *King v. Sweatt*, 115 F.Supp. at 221; *Farmers Coop. Ass'n v. Stevens*, 260 Ark. at 739, 543 S.W.2d at 923. *See also Southeast Arkansas Levee Dist. v. Turner*, 184 Ark. 1147, 1152, 45 S.W.2d 512, 514 (1932).

The following evidence was offered in connection with the proper characterization of the debtor's homestead. On October 2, 1981, the debtor and his wife entered into a contract of sale with K & C Properties to purchase Lot 21 in Wofford Estates, Crawford County, Arkansas. On October 14, 1982, Kemal E. Kutait, Virginia Kutait, and George Z. Catsavis executed a warranty deed conveying Lot 21 to the debtor and his wife. The deed was recorded with the Crawford County Circuit Clerk and Ex–Officio Recorder on October 25, 1982. The debtor and his wife have resided in a house located on Lot 21 since 1982.

On April 17, 1985, Kemal E. Kutait, Virginia Kutait, George Z. Catsavis, and Denise Catsavis executed a warranty deed conveying Lot 23a of Wofford Estates, Crawford County, Arkansas, to the debtor. The

deed was recorded with the Crawford County Circuit Clerk and Ex–Officio Recorder on May 7, 1985. After purchasing Lot 23a, the debtor cleared the land and moved a house trailer to the lot. The debtor's wife testified that they had intended to repair the trailer for rental purposes; however, the trailer was never repaired. The debtor's wife testified that when Lot 23a was purchased, she and her husband believed their children might want to live on the lot some day. Testimony was presented that the debtor used wood from Lot 23a to heat his home and to make cedar fence posts.

Lots 21 and 23a are located in a subdivision known as Wofford Estates, which consists of twenty-seven lots. Wofford Estates is located three or four miles north of Rudy, Arkansas. The nearest grocery store is located in Rudy, Arkansas, and the nearest banks are located in Alma and Van Buren, Arkansas, fifteen and twenty miles from the subdivision, respectively. The gravel road in Wofford Estates is designated on the assessor's county road atlases as County Road 370; however, the road has not officially been accepted as a county road by Crawford County for purposes of maintenance. The county occasionally blades the road to assist the residents. No city tax is assessed against the residents in Wofford Estates. Electric service is provided to Wofford Estates; however, no other public utilities are provided. Low-pressure gas is delivered by a local distributor, sewer service is provided by private septic tanks, and water is provided by private wells. Wofford Estates has no local government or police protection. Wofford Estates is serviced by a volunteer fire department, and contains no school, church, drugstore, barber shop, industry, motel, or service station. Mail for residents of Wofford Estates is delivered on County Road 88, three-fourths of a mile from Lot 21. Wofford Estates is in the Rudy school district, and the school bus stop is on County Road 88, approximately three-fourths of a mile from Lot 21.

The only agricultural use in Wofford Estates consists of small gardening activities by the residents. However, the property adjoining the debtor's property on the south is owned by a man who operates a beef cattle business, consisting of about 100 head of cattle, and a poultry business, consisting of about 60,000 chickens.

No evidence was presented to show that the subdivision of Wofford Estates is located within an incorporated town, city or village. The subdivision is not provided services commonly thought of as being provided in a city, town or village. Wiseman's own expert witness, John M. Libby, who is a real estate appraiser, testified that "it really would not be logical" to divide the lots in the Wofford Estates subdivision into one-fourth acre tracts because of the use of water wells and septic tanks in the subdivision. He stated that "because you have seepage from a septic tank ... [the water well and septic tank] should be separated at least by 100 feet." Record at 134.

The subdivision of Wofford Estates clearly does not possess the requisite urban characteristics of a city, town, or village. The only characteristic which could be construed as urban is that the property is divided into a subdivision; however, the evidence was insufficient to overcome the liberal policy of allowing the homestead exemption. Therefore, the Court finds that the property claimed as exempt by the debtor is rural property within the meaning of the Arkansas Constitution.

## II

### CONTIGUOUS

Wiseman also argues that Lot 23a is not contiguous to Lot 21 and, therefore, should not be allowed as part of the homestead exemption. The two lots meet at the northwest corner of Lot 21 and southeast corner of Lot 23a; however, the corner meets in the center of a roadway easement.

In *Clements v. Crawford County Bank*, 64 Ark. at 10, 40 S.W. at 133, the Arkansas Supreme Court stated:

Where two parcels of land corner with each other, they are contiguous, they touch; and there can be nothing unreasonable or unjust in allowing the two

pieces to be selected and claimed as a homestead, where they constitute all the land the claimant owns, and do not exceed the legal area and value. Unless this could be done in this case, the appellants would be deprived of a part of the land allowed them by law as a homestead. The homestead law should be liberally construed to effect its benign purposes.

*See In re Stone,* 116 F. 35, 37 (E.D.Ark. 1902).

 The fact that the lots do not meet due to a roadway easement does not prevent the lots from being contiguous. *See King v. Sweatt,* 115 F.Supp. at 219; *Hambleton v. Coopwood,* 239 Ark. 184, 186–87, 388 S.W.2d 92, 94 (1965); *Stuckey v. Horn,* 132 Ark. 357, 359, 200 S.W. 1025, 1026 (1918). Further, the testimony regarding the debtor's use of wood from Lot 23a to heat his home and to make cedar fence posts, is consistent with his claim that both lots constitute one unit of land for purposes of his homestead exemption. *See Hambleton v. Coopwood,* 239 Ark. at 187, 388 S.W.2d at 94.

Therefore, Wiseman's objection to the debtor's claim of exemption of Lots 21 and 23a because they are not contiguous is also rejected.

### III

### CONCLUSION

Therefore, the objections of Wiseman and the trustee to the debtor's claim of homestead exemption are overruled.

IT IS SO ORDERED.