**In re John E. OLDNER, Debtor.**

**Bankruptcy No. 94–42031M.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Aug. 18, 1995.

Richard L. Ramsay, Trustee, Little Rock, AR.

David Jacobs, Little Rock, AR, for debtor.

Charles W. Tucker, U.S. Trustee, Little Rock, AR.

## ORDER

JAMES G. MIXON, Chief Judge.

On October 26, 1994, John E. Oldner (debtor) filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. Richard L. Ramsay, Esq., was appointed trustee. The debtor claims his residence and 9.7 acres of land as an exempt rural homestead pursuant to 11 U.S.C. § 522(b)(2) (1988), Ark.Code Ann. § 16–66–218 (Michie Supp.1993), and Ark.Const. art. 9, § 4.

On December 22, 1994, the trustee filed an objection to the debtor's claim of homestead exemption alleging that the property does not qualify for a rural homestead exemption, but should be limited to an urban homestead exemption. On January 9, 1995, a hearing was held on the trustee's objection and the matter was taken under advisement. On January 19, 1995, the Court viewed the property.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction to enter a final judgment in the case.

## BACKGROUND

The debtor claims his residence and 9.7 acres of land located in Saline County, Arkansas, as an exempt rural homestead pursuant to 11 U.S.C. § 522(b)(2) (1988), Ark.Code Ann. § 16–66–218 (Michie Supp.1993), and Ark. Const. art. 9, § 4. The debtor purchased the property in 1971 and built a single family residence on it in 1977, which he has occupied as his residence since that time. Other improvements on the property include a barn used for storage, swimming pool, workshop, garage, children's playhouse, bathhouse, and gazebo. The property has never been used for any agricultural purpose.

The property is located approximately seven miles south of the Pulaski County line and is located on a paved road. The address of the property is 3821 Mount Carmel Road, Benton, Arkansas. On the date the petition was filed the property was located outside the city limits of Bryant, Arkansas. Subsequent to the date the petition was filed, the property was annexed into the city of Bryant. The debtor's address and telephone number are listed in both the Little Rock and Bryant telephone directories.

The area in which the property is located is served by a fully developed system of roads and highways. The property is located about three-fourths of a mile from Interstate 30. The nearest bank is located approximately four miles from the property and the

debtor purchases groceries at a grocery store located approximately three and one-half miles from the property. The debtor purchases gasoline at a service station located approximately three and one-half miles from the property, although there are other facilities for gasoline purchases located approximately one and one-fourth mile from the property. A large retail store is also located approximately three and one-half miles from the property. The debtor's property is located within the Bryant School District and the closest Bryant school is approximately three miles from the property. The closest church is located within three miles of the property.

Water is provided to the property by the Salem Water Department, a rural water association that buys water from the city of Benton. Electricity is provided by the First Electric Cooperative, a rural electric cooperative. Gas is provided to the property by ArkLa Gas Company. The property is not provided garbage pickup. On the date the petition was filed, police protection was provided by the Saline County Sheriff's Department and fire protection was provided by the Salem Volunteer Fire Department.

Several single family residences are located near the debtor's property on Mount Carmel Road. In addition, eleven single family residences are located across the road from the debtor's property within a 1.75 mile area of Mount Carmel Road.

## DISCUSSION

 The debtor claimed his residence and a 9.7 acre tract of land as an exempt rural homestead pursuant to 11 U.S.C. § 522(b)(2) (1988). Section 522 of the Bankruptcy Code allows a debtor to claim exemptions pursuant to state law applicable on the date the petition is filed. 11 U.S.C. § 522(b)(2)(A) (1988). Section 16–66–217 of the Arkansas Code allows a debtor to choose exemptions provided by the Constitution of the State of Arkansas. Ark.Code Ann. § 16–66–217 (Michie Supp.1993). Article 9, section 4 of the Arkansas Constitution provides that:

[t]he homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improve-

ments thereon, to be selected by the owner, provided the same shall not exceed in value the sum of twenty-five hundred dollars, and in no event shall the homestead be reduced to less than eighty acres, without regard to value.

Ark. Const. art. 9, § 4. Article 9, section 5 of the Arkansas Constitution provides that:

[t]he homestead in any city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of two thousand five hundred dollars, and in no event shall such homestead be reduced to less than one-quarter of an acre of land, without regard to value.

Ark. Const. art. 9, § 5.

Section 16–66–218(b) of the Arkansas Code provides that the following property shall be exempt from execution:

(3) Rural homesteads not exceeding one hundred sixty (160) acres of land with improvements thereon, up to two thousand five hundred dollars ($2,500) in value but in no event less than eighty (80) acres without regard to value—Arkansas Constitution, Article 9, § 4;

(4) The urban homestead not exceeding one (1) acre of land with improvements thereon, but not to exceed two thousand five hundred dollars ($2,500) in value, but in no event to be less than one-quarter (¼) of an acre of land without regard to value—Arkansas Constitution, Article 9, § 5[.]

Ark.Code Ann. § 16–66–218(b) (Michie Supp. 1993).

 The rule is well-established in Arkansas that homestead laws are remedial and should be liberally construed to effectuate the purpose for which they are intended. *Smith v. Flash T.V. Sales & Serv., Inc.*, 17 Ark.App. 185, 190, 706 S.W.2d 184, 187 (1986). The party objecting to the claim of exemption has the burden of proving that the exemption is not properly claimed. Fed. R.Bankr.P. 4003(c).

The question of whether a homestead claimed as exempt constitutes a rural or urban homestead must be determined based on the facts of each case and must be considered in light of the intent of the constitutional provisions allowing the exemption. *King v. Sweatt,* 115 F.Supp. 215, 220 (W.D.Ark.1953); *Farmers Coop. Ass'n v. Stevens,* 260 Ark. 735, 736–37, 543 S.W.2d 920, 921 (1976). The rural/urban issue is not "altogether controlled by the corporate limits," thus property located outside the corporate limits may be determined urban. *First Nat'l Bank v. Wilson,* 62 Ark. 140, 143, 34 S.W. 544, 544 (1896). In *Wilson,* the Arkansas Supreme Court stated:

> [T]here may be towns that have overgrown their corporate limits, so that one may dwell within the town, and still be outside the corporate limits. In such cases it may be that the courts would look to the facts to determine whether the homestead claimed was located in town or country, and not be altogether controlled by the corporate limits.

*Wilson,* 62 Ark. at 143, 34 S.W. at 544.

No precise legal definition is provided in the case law for the terms "city, town or village," as used in the Arkansas Constitution in describing the two types of homestead exemptions. The Arkansas Supreme Court has determined that the "words were used in the Constitution in their popular sense." *King v. Sweatt,* 115 F.Supp. at 220. The Arkansas Supreme Court discussed the popular meaning of the word "town" in an analogous context in *Southeast Ark. Levee Dist. v. Turner,* 184 Ark. 1147, 1150, 45 S.W.2d 512, 514 (1932). In that case the issue was whether certain property was situated in the town of McGehee, Arkansas. The residences were all of a permanent and substantial character and the residents engaged in "pursuits related to and carried on in the city of McGehee." *Turner,* 184 Ark. at 1150, 45 S.W.2d at 513. In addition, the occupants were furnished with gas, water, electric, and telephone services from the city of McGehee. In holding that the area was within the town of McGehee, even though outside the physical corporate limits of McGehee, the Court stated:

> We have here a compact community of 42 houses, occupied by persons who may fairly be said to dwell together, and who are separated from a city of the second class only by the city's incorporation line, and who have all the conveniences which proximity to the city affords, and whose property is assessed for general taxation as additions to this city.
>
> . . . .
>
> ... The city of McGehee has grown in various directions and is now, and was at the time the assessments in question were made, a larger town than its corporate limits indicate. In other words, many persons are residents of the town of McGehee within the popular meaning of the word "town" who do not reside within the corporate limits thereof.

*Turner,* 184 Ark. at 1152–53, 45 S.W.2d at 514. Property will be determined to be urban if it is in a community that contains the common attributes and conveniences of a town or city. *See Bank of Sun Prairie v. Hovig,* 218 F.Supp. 769, 785 (W.D.Ark.1963). *King v. Sweatt,* 115 F.Supp. 215 (W.D.Ark. 1953); *Farmers Coop. Ass'n v. Stevens,* 260 Ark. 735, 739, 543 S.W.2d 920, 923 (1976). Numerous factors have been considered by the courts in determining the nature of a homestead. *E.g., Bank of Sun Prairie v. Hovig,* 218 F.Supp. at 785 (finding rural homestead where property is located in unincorporated community with no local fire protection, public schools, sewer systems, public waterworks, street lights, or public sidewalks and where cost of paving the road was partly borne by the landowners); *King v. Sweatt,* 115 F.Supp. at 215 (finding rural homestead where property is located in unincorporated community with no post office, school, church, or other improvements except filling stations, tourist courts, and one or two "country stores").

The facts in this case support a finding that the debtor's homestead is urban in nature. The Court observed from viewing the area in which the debtor's property is located that the property is located in a megalopolitan area that has developed in recent years on either side of Interstate 30 from Little Rock, Arkansas, on the north and Benton, Arkansas, on the south. Bryant, Arkansas, is located in between Little Rock and Benton. While traveling on Interstate 30 between Little Rock and Benton it is not

easy to discern when you leave one municipal corporate limit and enter another. Land uses range from single family residences to commercial and industrial uses. Only a relatively small percentage of the land in the immediate area is still devoted to agricultural activity.

The property has access to the common attributes and conveniences of a town or city. Although many of the town or city conveniences such as grocery stores, banks, retail stores, and service stations are located one to five miles from the debtor's property, the road and highway systems in the area are substantially developed and access to these conveniences are readily available by automobile in a matter of a few minutes. The residents in the area in which the debtor's property is located enjoy the same conveniences as residents of the nearby cities enjoy and the residents are engaged in pursuits related to and carried on in the cities. All these characteristics taken together clearly support a finding that the debtor's property is urban in nature. Therefore, the trustee's objection to the claim of a rural homestead is sustained. The debtor is granted thirty days to select an urban homestead.

IT IS SO ORDERED.