## CURTIS *v.* DES JARDINS.

Decided November 21, 1891.

1. *Practice—Findings—Homestead.*

    Where a bill of exceptions does not profess to contain all the evidence, the court's finding that a debtor had manifested an intention to contract the limits of his homestead will be presumed correct.

2. *Homestead—Segregation of part.*

    Where a debtor segregates from the homestead a part of it, the segregated part becomes subject to seizure and sale under process.

APPEAL from *Prairie* Circuit Court, Southern district. MATTHEW T. SANDERS, Judge.

Des Jardins, Miller & Roots instituted suit against S. B. Curtis, who was engaged in the business of a merchant, and procured an attachment to be levied upon the south part of lots 5 and 6, in block 13, in the town of Hazen. The attachment was sustained. Defendant moved to discharge the attachment because the property was a part of his homestead. From the evidence the court found the facts to be, that the property levied upon, towit, the south part of lots 5 and 6, block 13, town of Hazen, had been separated by defendant Curtis from the remainder of his homestead lots, and had been dedicated to business purposes, and put into his mercantile business as so much capital; and that there was no evidence appearing that it was used for domestic purposes; and held the land subject to attachment.

Defendant has appealed.

*Atkinson & England* for appellant.

A person may reduce the homestead by appropriating it to other purposes; but the mere use of it for other purposes does not deprive it of its homestead character, nor the owner of his homestead rights. 28 Ark., 483; 37 *id.*, 298; 42 *id.*, 503; 2 Wood, C. C., 657; 1 Nev., 568; 2 Vt., 27; 74 Ill., 202; 58 Ill., 425; Freeman on Ex., secs. 244–5; 87 Am. Dec., 280.

*J. S. Thomas* for appellees.

1. The bill of exceptions does not profess to contain all the evidence. 44 Ark., 74. Hence the court's finding is conclusive.

2. The facts in this case amount to a segregation of the homestead. 37 Ark., 298.

COCKRILL, C. J. The bill of exceptions does not profess to contain all the evidence introduced upon the trial. The only question therefore is, does the judgment follow from the court's special finding of facts? The finding is, in substance, that the storehouse, which was condemned to be sold under the attachment, had been segregated by the judgment debtor from his homestead property. The question as to what

constitutes such a separation is not presented, for the presumption is that there was sufficient evidence adduced to sustain the court in finding that the debtor had manifested the intent to contract the limits of his homestead, and that the separation had been effected prior to the act of March 18, 1887, which prohibits the conveyance or encumbrance of the homestead without the assent of the wife, if that act may be said to affect such a case. *Railway Co.* v. *Amos,* 54 Ark., 162.

After the separation, the segregated part was not embraced within the homestead (*Klenk* v. *Knoble,* 37 Ark., 303), and was therefore the subject of seizure and sale.

Affirm.