HAMBLETON *v.* COOPWOOD.

5-3515                                              388 S. W. 2d 92

Opinion Delivered March 22, 1965.

[Rehearing denied April 12, 1965.]

*Mann & McCulloch,* for appellant;

*Harold Sharpe,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal involves the question of a homestead exemption. On January 11, 1962, M. C. Hambleton, Jr., instituted suit against appellees, Curtis Coopwood and wife, Alice Coopwood, on a promissory note, dated December 31, 1958. On February 15, 1962, Hambleton obtained a judgement against the appellees in the amount of $1,559.00, plus attorney's fee, interest, and costs. In January, 1964, appellant indicated that he planned to have a writ of execution issued against appellees, and to levy on a certain forty-acre tract, owned by the Coopwoods. The latter contended that the forty-acre tract was a part of their homestead;[1] filed their Schedule of Exemptions, and requested a hearing by the St. Francis County Circuit Court. After hearing the evidence, the court granted the homestead exemption, and from the judgment so entered, appellant brings this appeal.

---

[1] Article 9, Section 4, Arkansas Constitution of 1874.

185

The record reflects that Coopwood and his wife own two forty-acre tracts of land, both being located in Township 5 North, Range 1 East, St. Francis County, Arkansas. The Coopwoods first purchased one of the forty-acre tracts on March 29, 1950, which we will term "the forty-acre tract—Section 22." In December, 1951, appellees purchased an additional forty-acre tract, which we will call "the forty-acre tract—Section 23." The first tract mentioned, in Section 22, is the forty involved in this litigation. Both lie adjacent to each other for a distance of 1.320 feet, and have a common boundary line. Admittedly, there is a dirt road, which has been cleared of trees and bushes, between the two tracts. No house has ever been constructed on the forty in Section 22, and it has no improvements, has not been cleared of timber, and is not under fence. In 1960 or 1961, the Coopwoods moved onto the forty in Section 23, and presently make their home there. The sole question in this litigation is whether the forty acres located in Section 22 is a part of appellees' homestead, and thus exempt from execution, as well as the forty in Section 23. The last is not in dispute in this litigation.

Appellant mainly depends upon the fact that the two tracts must be contiguous in order for both to constitute a part of the homestead, and appellant asserts that these two forties are not contiguous, because they do not "touch," but are separated by a "public county road." It is also pointed out that the forty in question (in Section 22) has not been cultivated; has not been fenced, and appellees have not lived on it. The forty in Section 23 has been fenced. The evidence does reflect however that Coopwood has gotten wood (for fuel) off the forty in Section 22 and has sold ties.

The parties are in disagreement as to the status of the road. Appellant contends that the road is a public road, which is maintained by the county, but appellees dispute this. As previously stated, there admittedly is a dirt road of forty to fifty feet in width between the two forty-acre tracts, and the proof reflects that the county grades it once or twice a year.

It is not necessary that we determine whether this passage-way constitutes a "public road," for this fact is not controlling. In *Stuckey v. Horn,* 132 Ark. 357, 200 S.W. 1025, this court pointed out that the homestead law should be liberally construed to effect its benign purpose, and then commented that a homestead right to the whole of a tract is not destroyed by a grant of a right-of-way to a railroad company. This case is cited in 73 A.L.R., Page 146, as recognizing the Arkansas rule that lots or parcels of land constituting a homestead must be contiguous, but that contiguity does not cease because of a railroad easement through the property. *Gibbs v. Adams,* 76 Ark. 575, 89 S.W. 1008, relates to the question of whether certain property in an incorporated town constituted a homestead. We said:

"Now, a homestead in an incorporated town is, by our Constitution, limited to one acre. Art. 9, § 5. The burden was on the homestead claimant to show, either that this land across the street from the dwelling, and which she now claims, was a part of the homestead upon which she lived, or that it had been impressed as a homestead after the sale of the other homestead. *The mere fact that the land was separated from the dwelling house by a street is not conclusive of the question,* [2] but that fact may be considered in connection with other evidence * * *."

In 40 C.J.S., § Page 506, we find:

"Both in jurisdictions where a homestead may be claimed in noncontiguous tracts and in jurisdictions where it may not, it is commonly held that an owner of land may claim a homestead in a lot or tract divided by a highway, street, or alley, railroad right of way, stream of water, quarter-section line, fence, or garden, provided the value does not exceed the limit fixed by constitutional or statutory provision; but it is essential, for this purpose, that the whole shall be used for purposes of a homestead, and hence if a part is used merely for purposes of profit by renting it to tenants, the part so rented cannot be considered as within the homestead exemption. The contigu-

[2] Emphasis supplied.

ity or compactness of tracts is commonly regarded as not affected by division of lands in the modes previously set forth, * * *''

Of course, even if the dirt road in question can be considered a public road, the public only has an easement, with the fee remaining in the Coopwoods. [3]

The Coopwoods only own eighty acres, and the use of the forty in question has not been incompatible with their claim that it is a part of the homestead. This is not a case wherein the two forties are a mile or so apart, but rather, the two are actually contiguous, since, from the evidence, it appears that appellees own the land in both forty-acre tracts, even if members of the public have an easement to travel over the dirt road.

Affirmed.

---

[3] We do not mean to imply that, if the fee to the land constituting the road had been held by the county (or other proper highway authority), Coopwood would not have been entitled to claim the forty in Section 22 as part of his homestead. That question is not before us, and we do not pass upon it.