**In re Ruth SCHRIOCK, Debtor.**

**Bankruptcy No. 95–30474.**

United States Bankruptcy Court,
D. North Dakota.

Nov. 14, 1995.

Tom Slorby, Minot, ND, for Ruth Schriock.

Michael Wagner, Bankruptcy Trustee, Minot, ND.

### *MEMORANDUM AND ORDER*

WILLIAM A. HILL, Bankruptcy Judge.

By Motion filed October 30, 1995, the Debtor asks the court to reconsider its Order entered October 25, 1995, sustaining the trustee's objection to the Debtor's claim of exemptions.

The Debtor filed a Petition under Chapter 7 on May 17, 1995, and pursuant to North Dakota Century Code § 28–22–02(7) claimed an absolute homestead exemption in ten city lots, to wit: Lots 1 through 6 in Block 3, and Lots 4 through 7 in Block 2, Radio Addition to the city of Minot, North Dakota. The lots situated in Block 2 are separated from those in Block 3 by a public street known as Harrison Avenue. Lots 6 and 7 of Block 2 are separated from Lots 4 and 5 of Block 2 by an alley which extends from Harrison Avenue to the north lot line of Lots 4 and 7. No one uses the alley except the Debtor whose home is situated on Lot 6. (See attached plat.)

The trustee, by objection filed August 7, 1995, took exception to an exemption being claimed in any but Lots 6 and 7 of Block 2 for the reason that the lot upon which the house is situated is not "contiguous" with any other lot save Lot 7. After a hearing held on October 16, 1995, this court agreed and disallowed the exemption claimed in all lots except for Lots 6 and 7 of Block 2.

■ In urging reconsideration, the Debtor argues that the platted street and alley are no more than easements with the adjacent lot owner presumed to own the land to the center of the abutting street.

■ In North Dakota, the term "homestead" is not precisely defined except in terms of area and value. Section 47–18–01 of the North Dakota Century Code provides:

> The homestead of any person, whether married or unmarried residing in this state shall consist of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land, the total not to exceed $80,000.00 in value, over and above liens or encumbrances or both. The homestead shall be exempt from judgment lien and from execution or forced sale, except as otherwise provided in this chapter. *In no case shall the homestead embrace different lots or tracts of land unless they are contiguous.* (emphasis added)

The term "contiguous" is not statutorily defined and may or may not embody the concept of actual touching, depending upon the use to which the land is put. A number of cases considering the question of whether tracts bisected by a public road may be regarded as contiguous for homestead purposes have involved farm and ranch land. In those cases the tracts, while not strictly abutting, had been farmed together for many years and were, in various respects, related to the homestead function. *In re Jackson*, 169 B.R. 742 (Bankr.N.D.Fla.1994) (a 140 acre tract of farmland bisected by a public road); *Hambleton v. Coopwood*, 239 Ark. 184, 388 S.W.2d 92 (1965); *Cabler v. Alexander*, 111 Or. 257, 224 P. 1076 (1924). In each of the foregoing cases the several tracts had been operated as a single farm for many years.

■ Fundamental to the issue is to keep in mind that the purpose of the homestead exemption is to preserve for the claimant a home and those adjacent appurtenances essential to its continued enjoyment. This concept should not be understood in terms of acreage or boundaries but rather in terms of how the adjacent land is used and how it contributes to, or preserves the enjoyment of the home. Certainly it can be readily seen how two tracts of farmland jointly farmed for many years but separated only by a public road might be regarded as contiguous in terms of use and dependency.

Few cases, however, have considered the question in an urban setting where independent city lots are separated by public streets. Here the notion of contiguous becomes more attenuated because it is difficult to see the interrelatedness of the bisected lots. Encyclopedic authorities opine that a homestead may be claimed in lots separated by streets but in order for a homestead claim to prevail in the non-dwelling lot, that lot must be devoted to homestead uses in connection with the lot upon which the claimant resides. 40 Am.Jur.2d *Homestead* § 34–38. The Nebraska Supreme Court in the case of *In re Thomas' Estate*, 178 Neb. 578, 134 N.W.2d 237 (1965), noted a distinction between rural and urban tracts, saying that as to city lots there must be a connection between the use of the two lots. The court went further holding that even where tracts are truly con-

tiguous unless the second tract is used in connection with the tract on which the dwelling is located, the second is not part of the homestead.

In the case at bar there has been demonstrated no apparent relationship or interdependency between Lot 6 upon which the Debtor's house is located and Lots 4 and 5 across the alley nor with the lots across Harrison Avenue in Block 3. It is difficult to see just how the non-adjacent lots are appurtenant to the dwelling lot or how they contribute in any way to the purpose of the homestead exemption.

Upon reconsideration and for the reasons stated, the trustee's objection is sustained and this court's Order disallowing the Debtor's exemption in all but Lots 6 and 7 of Block 3 stands as entered.

**SO ORDERED.**

