**In re Nathan & Marilyn McCALL.**

**Bankruptcy No. 94–10128 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

Nov. 24, 1995.

---

Daniel K. Schieffler, West Helena, AR, for James C. Luker.

John Purtle, Batesville, AR, for Nathan Levon McCall and Marilyn Janet McCall.

### ORDER SUSTAINING, IN PART, OBJECTION TO EXEMPTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trial on the merits of the trustee's Objection to Exemptions, filed on January 24, 1995. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(B).

The debtors filed this bankruptcy case on August 12, 1994, in which they declared exempt their homestead consisting of approximately 79 acres.[1] Based upon the testimony at trial, the real property claimed exempt consists of three discernable units:

1. 2.04 acres on which rests the debtors' home. Although this lot was transferred by two separate deeds in 1970 and 1971, the parcel is assessed, together with the woodlands, as a single unit. The debtors obtained a home improvement loan, giving as security, this lot, together with the woodlands.

2. 76.2 acres of woodlands. This lot was transferred to the debtors in 1973.

3. Approximately 3.5 acres on which rests a second residence, occupied by the debtors' daughter.[2] This lot was conveyed to the debtors in 1975 and is separately assessed. This lot appears to be unencumbered.

The trustee asserts that the debtors may not exempt the woodlands because it is separate property not used in connection with the household and may not exempt the parcel

1. The trustee also objected to the exemptions regarding personal property. The Court issued an oral ruling on this issue at the trial pursuant to Rule 7052.

2. There is some confusion regarding the true amounts of acreage of these parcels. Although the entire acreage is to be a total of 80 acres, the acreage of the separate units, transferred by separate deeds, is apparently in excess of 80 acres. Despite this apparent infirmity in the county records, there is no confusion as to the make-up of the particular units.

containing a second residence. Arkansas Statutes provide that "Residents of this state having the right to claim exemption in a bankruptcy proceeding pursuant to 11 U.S.C. § 522 shall have the right to elect either (i) the property exemptions provided by the Constitution and the laws of the State of Arkansas or (ii) the property exemptions provided by 11 U.S.C. § 522(d)." 1991 Ark. ACT 345 § 1.

The debtors elected to exempt their property pursuant to state law. The Arkansas Constitution provides for an exemption in a rural homestead:

§ 3. Homestead exemption from legal process—Exceptions.

The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity.

§ 4. Rural Homestead—Acreage—Value.
The homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of twenty-five hundred dollars, and in no event shall the homestead be reduced to less than eighty acres, without regard to value.

Ark. Const. Art. 9, §§ 3, 4. *See also* Ark. Code §§ 16–66–210; 16–66–218(b)(3). There is no dispute that the debtors possess a homestead within the meaning of the Arkan-

sas Constitution, on the 2.04 acres. They are Arkansas residents who make the dwelling on that lot "home." *See generally Smith v. Webb (In re Webb)*, 121 B.R. 827, 829 (Bankr. E.D.Ark.1990) (listing of elements to establish homestead).

The trustee objects to the exemption of the woodlands lot and the lot containing the second residence. The Court finds that the woodlands constitute part of the debtors' rural homestead, while the separate second residence is not. It is clear that the debtors treat the woodlands lot as part of their rural homestead; it is contiguous [3] and part of their dwelling. It is assessed together and, when obtaining a home improvement loan, they offered it as security. In contrast, the second home, assessed separately, was not given as security, but rather is the home of their adult child and her children. Accordingly, of these two parcels, the woodlands is treated as homestead, evidencing their intent that it is homestead. In contrast, the debtors separately treated the second residence, allowing their daughter to live there with her children, and keeping it financially separate. *Compare Curtis v. Des Jardins*, 55 Ark. 126, 17 S.W. 709 (Ark.1891) (segregated property is subject to seizure and sale).

Although the woodlands is not used for agricultural purposes, it is yet part of the debtors' homestead. While it is true that use of the land is an important factor for determining the *character* of the land, *i.e.*, whether the land is urban or rural, *see, e.g., In re Weaver*, 128 B.R. 224 (Bankr.W.D.Ark.1991), the character of the land is not generally determinative of whether it is homestead. Rather, the agricultural or nonagricultural use of the land is important for purposes of determining proper acreage of land which may be claimed as homestead.[4] The Court finds that the woodlands area, a landed prop-

---

**3.** The fact that a road separates the woodlands from the dwelling does not alter this analysis. *Hambleton v. Coopwood*, 239 Ark. 184, 388 S.W.2d 92 (Ark.1965).

**4.** It appears undisputed that the character of the debtors' land is agricultural such that they are entitled to claim a maximum of 160 acres. That

is, they may assert, as they attempt to here, that all of their land, totalling 80 acres, is their homestead. The amount of land which may be claimed exempt, however, is not at issue. The question for the Court is whether the total amount claimed constitute the debtor's homestead.

erty about and contiguous to the debtors' dwelling, located in a rural area is part of their homestead. *Tumlinson v. Swinney*, 22 Ark. 400 (Ark.1860).

**IT IS ORDERED** that the trustee's Objection to Exemptions, filed on January 24, 1995, is Overruled as to the 2.04 acres on which rests the debtors' home and the 76.2 acres of woodlands. The trustee's Objection is Sustained as to the 3.5 acres on which rests a second residence, occupied by the debtors' daughter.

**IT IS SO ORDERED.**