An appropriate order will be entered.

**In re Nathan & Marilyn McCALL.**

**Bankruptcy No. 94–10128 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

July 12, 1996.

Joyce Bradley Babin, Little Rock, AR, for Creditor.

John Purtle, Batesville, AR, for Defendants/Debtors.

Daniel K. Schieffler, West Helena, AR, for Trustee.

### *ORDER*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trial on the merits of the Objection to *Confirmation of Plan and Motion to Dismiss,* filed by First USA Bank on February 22, 1996. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334.

---

This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(L).

The creditor First USA Bank ("bank") objects to confirmation of the plan on the grounds that it is receiving insufficient payment under the plan and that the plan is filed in bad faith. Specifically, the bank believes that it should be separately classified to receive full payment. The Chapter 13 trustee stated that he would object to any plan with such a provision. The bank further requests that the case be dismissed or reconverted to a Chapter 7 case. The former Chapter 7 trustee objects to dismissal as not being in the best interest of the creditors.

■ This case was originally filed under Chapter 7 of the Bankruptcy Code, but, less than one month after the Court determined the debt to the bank to be nondischargeable,[1] the debtors moved to convert the case to one under Chapter 13, which motion was granted on December 12, 1995. The plan before the Court at the time of trial,[2] provides for a monthly payment to the Chapter 13 trustee of $582 for a period of thirty-six months. Although the bank would prefer to be in a separate class, because its debt was determined to be nondischargeable in the original Chapter 7 case, and be paid an amount greater than the other unsecured creditors, *Groves v. LaBarge (In re Groves)*, 39 F.3d 212 (8th Cir.1994) would prohibit such a provision.

■ The bank argues that the case should be dismissed or converted based upon the debtors' bad faith. The Eighth Circuit has set forth guidance on the issue of good faith in the Chapter 13 setting. *See Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346 (8th Cir.1990) (en banc). *LeMaire* sets forth several factors, modified from the factors initially stated in *In re Estus*, 695 F.2d 311, 316 (8th Cir.1982),[3] advising that that good faith depends upon,

> [W]hether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code.

*LeMaire* at 1349. The Eighth Circuit reaffirmed the "totality of the circumstances" test and set forth the "particularly relevant" factors to be applied in light of the purposes of Chapter 13:

> The type of debt sought to be discharged and whether the debt is nondischargeable in Chapter 7, and the debtor's motivation and sincerity in seeking Chapter 13 relief.

*Id.* at 1349. The Court file in this case, the testimony and demeanor of the debtor husband, and the documentary evidence submitted indicate that the debtors' motivations in seeking Chapter 13 are not made in good faith within the meaning of the Bankruptcy Code.

The debtors filed this case under Chapter 7 in August 1994, but did not seek to convert the case until November 1995, after the Court determined one of their largest debts to be nondischargeable. The debtor husband asserts that he had wanted to file under Chapter 13, in order to pay all of his debts, but that his former attorney counseled against such action, and, it was only when new counsel was hired that he was able to take action to convert the case.[4] The Court does not give credence to this explanation in light of the actual timing of events. Debtors' former counsel abandoned the case in the Spring of 1995, whereupon, on June 13, 1995, the Court directed the debtors to obtain new

---

1. The nondischargeable debt is just one of numerous credit card debts. All of the unsecured debt, totaling nearly $60,000, is credit card debt. Only First USA filed a complaint to determine dischargeability and was successful after a trial on the merits.

2. The debtors subsequently amended their plan pursuant to settlements with the Chapter 7 and 13 trustees.

3. The *Estus* factors were subsumed by the addition of section 1325(b) of the Bankruptcy Code in 1984. *LeMaire*, 898 F.2d at 1349.

4. A lack of disposable income on the face of the debtors' original schedules indicated that the debtors would not have been in a position to propose any plan, much less a feasible one. However, these schedules were incorrect inasmuch as the debtors admitted during the hearing that they neglected to reveal the debtor wife's income.

counsel by a date certain. John Purtle, current counsel, signed and filed a pleading on behalf of the debtors as early as June 14, 1995. Trial of the nondischargeability complaint was held in October 17, 1995, after which the Court entered judgment in favor of the bank, on October 30, 1995. It was not until after the entry of this judgment, and over five months after hiring of new counsel, that the debtors sought to convert the case. Accordingly, it does not appear that the true reason for conversion to Chapter 13 was a long-held desire to pay debts, but rather, the entry of the nondischargeability order, which would require them to pay a particular unsecured debt.

Secondly, bad faith is demonstrated by the debtors' plan under which they retain land and other assets by "redeeming" the property, without making any payments. The plan contains the following unusual provision:

> There is surplus property in the hands of the debtor. This consists of his household furniture which is valued at $2400.00 and a house and 3.5 acres. This 3.5 acres is described in the schedules of the debtor filed with this plan. The debtor values the house and 3.5 acres at $6500.00. This totals $8900 for these two items. Use the surplus from the monthly payments to redeem these two items.

Although the Court, under its independent duty to examine whether confirmation is appropriate, closely questioned the debtor husband regarding this provision, the explanations were unsatisfactory. The examination reveals that the debtors will neither be "redeeming"[5] the property, nor making any payments to creditors in an amount equal to the value of this property, although such is implied by the provision. Thus, although this provision duplicitously appears to provide for payments equaling the value of the property to be made to the creditors, this provision merely provides that the debtors keep their nonexempt assets with a claimed value of $8900.

▮ The debtors sought to pay their debts only after one of their unsecured debts was

determined to be nondischargeable. In addition to the fact that the conversion to Chapter 13 was made after this nondischargeability determination it was also made at a time when they were faced with losing a tract of land on which they house their adult daughter. *See In re McCall,* 195 B.R. 911 (Bankr. E.D.Ark.1995). The explanations of why the case was converted are not credible. Finally, the provision of the plan which appears to provide for payments in lieu of liquidation constitute an unfair manipulation of the Bankruptcy Code. In view of these factors, the Court finds that the plan is not filed in good faith. However, in light of the debtors' asserted desire to pay all their debts, the Court will not dismiss this case at this juncture. The Court deems it appropriate to permit the debtors to either amend their plan to propose to pay all of their unsecured debt by extending the term of the plan and increasing payments or re-convert the case to a case under Chapter 7. Accordingly, it is

**IT IS ORDERED** that, within twenty (20) days of entry of this Order, the debtors shall amend their plan to pay all of the unsecured debt, in full, or convert this case to a case under Chapter 7 of the Bankruptcy Code.

**IT IS SO ORDERED.**

▮

---

5. There is no such concept as redeeming property over a period of time. Under Arkansas law, a redemption is made by a lump-sum payment.

The Bankruptcy Code provision relevant to redemption, section 722, is inapplicable.